OPINION
Defendant-appellant John E. Larson appeals from a judgment rendered by the Mahoning County Common Pleas Court, Domestic Relations Division, which adopted the magistrate's decision overruling appellant's motion to emancipate his minor child. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE FACTS
Appellant and appellee Gail M. Patrick were married on June 23, 1978. They had two children, Shannon and William Larson.
On August 21, 1992, the marriage was terminated. Initially, each parent was designated the residential parent of one child. Appellant was the residential parent of William; appellee was the residential parent of Shannon. Appellant was ordered to pay child support to appellee until their minor children graduated from high school and reached the age of eighteen or were emancipated. Shannon, the older child, was emancipated on March 22, 1993 and is not involved in this action. Subsequently, appellee was ordered to pay child support to appellant for William.
On August 1, 1997, the trial court reallocated the parental rights and responsibilities with regard to William. Appellee was designated William's residential parent. Appellant was ordered to pay child support to appellee for William "until said child reache[d] the age of eighteen (18) and graduate[d] from high school, which ever event [occurred] last." (08/01/97 J.E.).
On November 20, 1997, William turned eighteen. He remained in school until he voluntarily withdrew on March 1, 1999. William does not have a mental or physical disability that would require the continuation of a child support order beyond the age of majority.
Appellant filed a motion to emancipate and terminate child support. He claimed that William became emancipated on November 20, 1998, the date of his nineteenth birthday. The magistrate filed a decision denying appellant's motion. The magistrate concluded that appellant's child support obligation continued until March 1, 1999, the date on which William voluntarily withdrew from high school.
Appellant objected to the magistrate's decision. The trial court overruled his objections and adopted the magistrate's decision. This appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth two assignments of error on appeal. His first assignment of error alleges:
 "THE TRIAL COURT ERRED BY FAILING TO TERMINATE THE OBLIGOR/FATHER'S CHILD SUPPORT OBLIGATION UPON THE CHILD ATTAINING THE AGE OF NINETEEN (19)."
 LAW AND ANALYSIS
In order to properly address the foregoing assignment of error, it is first necessary to interpret the significance or the meaning of the legislative amendment to R.C. 3109.05(E). When the August 1, 1997 child support order in the case sub judice was issued, R.C. 3109.05(E) provided:
 "Notwithstanding section 3109.01 of the Revised Code [which establishes eighteen as the age of majority], if a court issues a child support order under this section, the order shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends on a full-time basis any recognized and accredited high school. Any parent ordered to pay support under a child support order issued under this section shall continue to pay support under the order, including during seasonal vacation periods, until the order terminates."
However, in 1997, the General Assembly amended this section with the enactment of Am.Sub.H.B. No. 352, effective January 1, 1998. Now, R.C. 3109.05(E) provides in pertinent part:
 "* * *, if a court issues a child support order under this section, the order shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends on a full-time basis any recognized and accredited high school or the order provides that the duty of support of the child continues beyond the child's eighteenth birthday. Except in cases in which the order provides that the duty of support continues for any period after the child reaches age nineteen, the order shall not remain in effect after the child reaches age nineteen. * * *" (Emphasis added).
From the foregoing, it is apparent to us that under the pre-existing version of R.C. 3109.05(E), the obligation to pay support for a child over the age of eighteen years terminated at such time as the child no longer attended a recognized and accredited high school on a full time basis. Pursuant to R.C.3109.05(E) as amended effective January 1, 1998, the obtainment of the child of the age of nineteen years provisionally triggers the termination of an obligation to pay child support, even if the student attends high school on a full time basis. A court having jurisdiction over the matter, however, can specifically extend the obligation of a parent to provide financial support for a high school student beyond the age of nineteen years.
We note that in so doing, the legislature did not simply provide that obtainment of the age of nineteen per se terminates the obligation to provide support for a high school student. Instead of such a rigid rule, it permitted a court to extend a support obligation under such circumstances.
Finally, we acknowledge that the foregoing analysis of R.C.3109.05(E) was not aided by case law. However, we take solace that said analysis is strengthened by the fact that any interpretation to the contrary would necessitate a conclusion that the language added to the statute in question was superfluous and the by-product of a legislative intent to redundantly re-state existing law.
Now that we have determined the import of R.C. 3109.05(E) as amended effective January 1, 1998, we can address the potential application to the case at bar. Here, appellant notes that the order in this case does not state that he is obligated to pay child support beyond William's nineteenth birthday. In fact, the order makes no mention of William attaining age nineteen. Therefore, under the current version of R.C. 3109.05(E), appellant's child support obligation would have ended on November 20, 1998, William's nineteenth birthday. Appellant argues that the current version of R.C. 3109.05(E) should apply to this case as it was in effect on William's nineteenth birthday. However, for the purpose of determining the applicable law, the date on which the child support order was issued rather than William's nineteenth birthday controls. See Wiest v. Wiest (March 10, 2000), Darke App. No. 1498, unreported. It is thus necessary to determine whether the statute as it existed on August 1, 1997 applies, or whether the current version applies retroactively to child support orders issued prior to the amendment.
Section 28, Article II of the Ohio Constitution provides that "the General Assembly shall have no power to pass retroactive laws * * *." However, Ohio courts have long recognized that there is a crucial distinction between statutes that merely apply retroactively and those that do so in a manner that offends our Constitution. Bielat v. Bielat (2000), 87 Ohio St.3d 350, 353. The test for unconstitutional retroactivity is divided into two parts. First, the court must determine whether the General Assembly expressly intended the statute to apply retroactively.Id. If so, the court must then determine whether the statute is substantive as opposed to remedial. Id. If the statute is substantive, it is unconstitutionally retroactive. Id. If it is merely remedial, it does not offend the Ohio Constitution. Id. However, an inquiry as to whether a statute is remedial or substantive can only be made after the threshold finding that the legislature intended the statute to apply retroactively. Id.
In Swanson v. Swanson (1996), 109 Ohio App.3d 231, 235, the Court of Appeals held that R.C. 3109.09(E) is remedial rather than substantive as it merely provides a remedy for the enforcement of the child support obligation. As such, the court determined that the statute could be applied retroactively without offending the Constitution. Id. Swanson, however, failed to address the first prong of the two part test for determining whether a statute is unconstitutionally retroactive. Even if we assume arguendo that Swanson was correct in its determination that R.C. 3109.09(E) is remedial in nature, the General Assembly did not expressly intend the statute to apply retroactively. There is no language in the statute that indicates a desire on the part of the legislature for the law to apply retroactively. Thus, it fails the first prong of the two-part test. As such, R.C.3109.09(E), as amended by Am.Sub.H.B. No. 352 can only be applied to child support orders issued on or after January 1, 1998, the effective date of the statute.
Moreover, we submit that as a practical matter, clear legislative expression relative to its desire to enact legislation with retroactive effect is the course of action least disruptive to the practitioners of law in this state. In the area of domestic relations, literally thousands of support orders were implemented by mirroring language in relevant statutes. This is not only good practice, it is the only avenue available to attorneys in this state unless we require them to be clairvoyant in addition to being knowledgeable.
Therefore, because we have held that R.C. 3109.09(E) as amended cannot apply retroactively, we must apply that statute as it existed at the time the child support order was issued. That version of the statute did not contain a cut-off age for children attending high school. As such, appellant's obligation to pay child support to appellee for William continued until William withdrew from school on March 1, 1999. Therefore, appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO FIND THAT R.C. 3103.03(B), 3103.031, AND 3109.05(E) ARE INHERENTLY IRRECONCIABLE (sic) AS WELL AS IRRECONCIABLE (sic) AMONG THEMSELVES, THEREBY REQUIRING THE AMENDMENT TO EACH STATUTE TO PREVAIL."
Appellant notes that R.C. 3109.05(E), as amended by Am.Sub.H.B. No. 352, initially provides that a child support order "shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends [school]." He contends that this language would allow a child to continue receiving support until he reached age twenty-two, the maximum age at which a child must be admitted to school. He insists that this provision is irreconcilable with the amended language of the statute which cuts off the child support obligation at age nineteen absent a specific order to the contrary, even if the child is still in high school. Appellant points to R.C. 1.52(A) which states, "if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." He argues that R.C. 1.52(A) operates to ratify the amended language while repealing the initial language of the statute. We disagree. As we noted in our discussion of appellant's first assignment of error, R.C. 3109.05(E) as amended provides for child support up to age nineteen as long as the child remains in high school. A child support obligation can continue beyond age nineteen, regardless of whether the child remains in school, only if expressly provided in the order. The language with which appellant takes issue can be read in harmony with the amended language. The amendment merely establishes age nineteen as a potential cut-off point where there was none before. The trial court still has the authority under the statute as amended to extend the age beyond the age of nineteen years as long as it does so with specific language and, presumably, for good cause shown. As such, appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
COX, P.J., concurs in judgment only.
DONOFRIO, J., concurs.